UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY RICCI,

      Petitioner,

v.                       Case No: 2:13-cv-634-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.

_____

## OPINION AND ORDER

This matter comes before the Court upon review of the file. Petitioner Jeffrey Ricci (hereinafter "Ricci" or "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on August 27, 2013,[1] challenging his plea-based conviction of burglary of an unoccupied dwelling and grand theft arising in two separate cases entered in the Twentieth Judicial Circuit Court in Lee County, Florida. Petition at 1. Respondent filed a Response (Doc. #8, Response) in opposition to the Petition and attached supporting exhibits (Doc. #9, Exhs. 1-18) consisting of the trial court's

---

[1]The Petition was docketed and filed in this Court on August 30, 2013. The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

records and Petitioner's postconviction pleadings.  This matter is ripe for review.

## I.  Procedural History

The State Attorney charged Petitioner in two separate cases with two counts of burglary of a dwelling and grand theft (case nos. 10-CF-014372 and 10-CF-14376B) stemming from two separate burglaries.  Exh. 1; Exh. 2.  On April 26, 2010, Petitioner tendered a no contest plea as charged in both cases.  Exh. 2.  The terms of the plea agreement were memorialized in the written plea agreement, which was executed by Petitioner.  Id. at 73.  The trial court accept Petitioner's plea, adjudicated him guilty as charged, and sentenced him as a Habitual Felony Offender and Prison Releasee Reoffender to 180 months imprisonment with 95 days credit for time served on the burglary of a dwelling counts in each case and 60 months with 95 days credit for time served on the grand theft counts in each case.  Id. at 80.  The court ordered the sentences to run concurrently.  See Exh. 14 at 206.

On January 12, 2011, Petitioner filed a "motion for postconviction relief to vacate the judgment and sentence," in which he raised six grounds for relief,[2] Exh. 6, and subsequently

---

[2] Petitioner's postconviction motion raised the following six grounds for relief: (1) defendant's sentence under the Prison Releasee Reoffender (PRR) Acts is illegal; (2) ineffective assistance of counsel for failing to file a timely and adequate motion to suppress any statement made by defendant; (3) ineffective assistance of counsel for failing to advise Defendant that he could

a motion to supplement, Exh. 8, which the postconviction court denied, but reserved ruling on the initial postconviction motion, Exh. 12.  The postconviction court appointed Petitioner counsel and ordered an evidentiary hearing concerning two of Petitioner's ineffective assistance of counsel claims raised in grounds two and four of Petitioner's initial postconviction motion.  Exh. 13.  The state conceded the merit of Petitioner's ground six concerning his illegal sentence and submitted that the sentence should be amended to strike the Habitual Felony Offender sentences.  Exh. 8 at 56. The postconviction court denied Petitioner relief on all of his claims, except his sixth claim and struck the habitual felony offender designation.  Exh. 14 at 201.

Petitioner appealed the postconviction court's order, Exh. 15, and the appellate court *per curiam* affirmed the lower court's order, Exh. 16.

Petitioner then initiated the instant federal habeas petition raising three claims of ineffective assistance of trial counsel.

---

be sentenced as a habitual felony offender (HFO) and Prison Releasee Reoffender (PRR), which was not indicated on the plea agreement form; (4) ineffective assistance of counsel for failing to investigate calling Defendant's mother as witness, and deposing her; (5) Defendant's sentence in Case No. 07-CF-20025 should have run concurrent with Case Nos. 10-CF-14372 and 10-CF-1476B; and (6) ineffective assistance of counsel for allowing Defendant to plead to an illegal sentence.  Exh. 14 at 2.

## II.  Applicable § 2254 Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action.  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). The statute of limitations that governs the filing of this Petition is set forth at 28 U.S.C. § 2244(d).  Respondent concedes that the Petition is timely filed in this Court and this Court agrees.  Response at 3.

Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts.  Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010) (citations omitted). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  The following legal principles apply to this case.

### A.  Deference to State Court Decision

A federal court must afford a high level of deference to the state court's decision.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).   See Brown v. Payton, 544 U.S. 133, 141

(2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).   A state

court's summary rejection of a claim, even without explanation,

qualifies as an adjudication on the merits which warrants

deference.   Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir.

2008); Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr.,

278 F.3d 1245, 1253-54 (11th Cir. 2002).

"Clearly established federal law" consists of the governing

legal principles, rather than the *dicta*, set forth in the decisions

of the United States Supreme Court at the time the state court

issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)

(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).   A state

court decision can be deemed "contrary to" the Supreme Court's

clearly established precedents within the meaning of § 2254(d)(1)

only if: (1) the state court applies a rule that contradicts the

governing law as set forth in Supreme Court cases, or (2) the state

court confronts a set of facts that is "materially

indistinguishable" from those in a decision of the Supreme Court

and yet arrives at a different result.   Brown, 544 U.S. at 141;

Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).   It is not

mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520).  The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold.  Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003)(citation omitted), Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Mitchell, 540 U.S. at 17-18.  Depending upon the legal principle at issue, there can be a range of reasonable applications.  Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed de novo. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir. 2006), cert. denied sub nom., Rolling v. McDonough, 542 U.S. 913 (2006).

**B. Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d) and Strickland v. Washington, 466 U.S. 668 (1984). Newland v. Hall, 527 F.3d 1162, 1183-84 (11th Cir. 2008). The Strickland test applies to challenges of guilty pleas, as well as to convictions by jury. Hill, 474 U.S. at 58-59. In Strickland, the Supreme Court

established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance. First, Petitioner must show that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness under prevailing professional norms. In the guilty plea context, the first prong of Strickland requires that the Petitioner show that his plea was not voluntary "because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases." Scott v. United States, 325 Fed. App'x 822, 824 (11th Cir. 2009) (citing Hill, 474 U.S. at 56-57). Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, and need only provide the client with an understanding of the law in relation to the facts in order that the client may make an informed and conscious choice between entering a guilty plea and going to trial. Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel is required to make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer an informed opinion as to the best course to be followed in protecting the interests of the client. Id. Collateral relief is only available to a petitioner if he "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." McMann v. Richardson, 397 U.S. 759, 774 (1970).

Second, Petitioner must show that the attorney's deficient performance prejudiced him, i.e., that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Petitioner must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show 'a reasonable probability that, but for counsel's errors,' he would have entered a different plea." Scott, 325 Fed. App'x at 824 (quoting Hill, 474 U.S. at 59).[3]  In evaluating whether there is a reasonable probability that a petitioner would have insisted on going to trial, the court considers whether Petitioner had available a defense that would likely have borne fruit at trial.  Hill, 474 U.S. at 59.  With respect to a claim that counsel failed to adequately investigate the case, the prejudice inquiry will "depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."  Id.  "This assessment, in

---

[3]There are a limited exceptions to a petitioner's obligation to satisfy the aforementioned "prejudice" requirement.  The exception arises when circumstances giving rise to a presumption of prejudice include those in which the accused is denied counsel at a critical stage of his trial, the accused's counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," or the accused is "denied the right of effective cross-examination."  United States v. Cronic, 466 U.S. 648, 658 (1984) (citation omitted).

turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id.

### III. Discussion

#### A. Federal Evidentiary Hearing

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

#### B. Review and Analysis of Federal Petition

Petitioner raises the following three grounds for relief in his federal Petition. See generally Petition.

> **Ground One**- ineffective assistance of counsel for failing to move to suppress a coerced confession and interrogation;
>
> **Ground Two**- ineffective assistance of counsel for failing to investigate and depose Petitioner's mother as a witness; and
>
> **Ground Three**- ineffective assistance of counsel for failing to ensure that the factual basis of the case supported the offense.

A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections.  The entry of a no contest plea, which is what Petitioner entered, has the same legal effect in a criminal proceeding as a plea of guilty. Hudson v. United States, 272 U.S. 451, 455 (1926) (stating that a plea of no contest is, like a plea of guilty, an admission of guilt for purposes the case).  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (citation omitted).  In other words, "[a] knowing and voluntary guilty plea waives all constitutional challenges to a conviction." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (citing Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. Unit B. 1981)); see also Hutchins v. Sec'y Dep't of Corr., 273 Fed. App'x 777 (11th Cir. 2008) (affirming district court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntarily entered). A guilty plea precludes claims of constitutional deprivations occurring prior to entry of a plea.  Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the

offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); see also Tiemans v. U.S., 724 F.2d 928, 929 (11th Cir. 1984).

However, the law is well-settled that a guilty plea does not waive a claim for relief that implicates the voluntariness of the plea itself. See Tollett, 411 U.S. at 267; Hill v. Lockhart, 474 U.S. 52 (1985); Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir. 1983). Thus, only challenges to the voluntariness and intelligent entry of a guilty plea can be advanced on appeal. Machibroda v. United States, 368 U.S. 487, 493 (1962); Stano, 921 F.2d 1125 at 1150-51; see also Wilson, 962 F.2d at 997.

Here, the record conclusively shows that Petitioner entered a knowing and voluntary plea. During the plea colloquy, the trial court asked Petitioner questions and ensured that Petitioner understood the consequences of his plea, which charges he was tendering a plea on, and the rights he was waiving. See Exh. 3 at 67-82. Petitioner specifically stated that no one made him any promises if he entered the plea, nor did anyone force, threaten, or coerce him into entering the plea. Id. at 72, 74. Petitioner answered in the affirmative that he understood the proceedings. Id. at 71. Petitioner specifically stated that he had no mental condition or influence of any substances that would affect his understanding of the proceedings. Id. at 70-71. There is nothing

in the record that suggests Petitioner's plea or admissions in open court were anything but the truth. A plea colloquy carries a strong presumption of truth. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). Petitioner also signed a plea form memorializing the terms of his plea agreement. Id. at 73. The record shows that Petitioner received reasonably effective assistance of counsel and made an informed choice to enter his plea.

Nevertheless, a review of Petitioner's three claims of ineffective assistance of defense counsel raised herein fares no better. Interestingly, Petitioner acknowledged during the plea colloquy that he was satisfied with his defense attorney. Id. at 74. Regarding Grounds One and Two (ineffective assistance for failing to move to suppress a coerced confession and interrogation and failing to investigate and depose Petitioner's mother, respectively), the postconviction court applied the Strickland standard and denied Petitioner relief on these claims finding Petitioner could not establish prejudice because in addition to Petitioner's confession to police, the State still had eyewitness identification of Defendant's vehicle that fled the scene of the crime. Additionally, regarding what would have been Petitioner's mother's testimony, she was not called as a witness at the evidentiary hearing, so Petitioner failed to meet his burden of proof. See Exh. 14 at 208-209.

Regarding ground three (whether defense counsel rendered ineffective assistance for failing to ensure that the fact basis of the case supported the offense), a review of the plea colloquy shows that defense counsel stipulated to the factual basis and to venue. Exh. 3 at 75. The postconviction court also noted that defense counsel so stipulated, but further determined that the record refuted Petitioner's claim. Specifically, the postconviction court determined that the probable cause statement with a narrative describing the burglary of a dwelling and grand theft larceny was sufficient. Exh. 12 at 132. The Court finds that the State court's denial of Petitioner's ineffective assistance of counsel claims are not contrary to Strickland, did not involve an unreasonable application of Strickland, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus is **DENIED**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner

seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida on this ___17th___ day of May, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record

- 15 -